UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: REQUEST FOR JUDICIAL
ASSISTANCE FROM
THE EMBASSY
OF THE ARAB REPUBLIC OF EGYPT
*IN THE MATTER OF*
*HAGAR ABDO HASSAN*
*V. MOHAMED*
*SAMY MOHAMED ABUELENIEN*
                                                            /

Case No. 2:21-mc-51059

Hon. Stephen J. Murphy, III

**GOVERNMENT'S RESPONSE TO MOTION TO QUASH**

# Table of Contents

Table of Authorities ................................................................................................. ii
Introduction ............................................................................................................... 1
Background ................................................................................................................ 2
Standard of Review .................................................................................................... 6
Argument .................................................................................................................... 6
Conclusion ................................................................................................................ 13
Certificate of Service ............................................................................................... 14

i

# Table of Authorities

**Cases**

*Application of Malev Hungarian Airlines*, 964 F.2d 97 (2d Cir. 1992) ................... 8

*Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251 (S.D. Ohio 2011). ..... 10

*In re Application to Obtain Discovery for Use in Foreign Proc.*,
 939 F.3d 710 (6th Cir. 2019) ............................................................................... 12

*In re Doosan Heavy Indus. & Constr. Co., Ltd.*, No. 19-MC-1638 (LDH),
 2020 WL 1864903 (E.D.N.Y. Apr. 14, 2020) ..................................................... 12

*In re Letter Rogatory from Just. Ct., Dist. of Montreal, Canada*,
 523 F.2d 562 (6th Cir. 1975) ......................................................................... 6, 12

*In re: Application of Bracha Found.*, 663 F. App'x 755 (11th Cir. 2016) ............... 8

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) ........... 6, 7, 8, 12

*JSC MCC EuroChem v. Chauhan*, No. 18-5890, 2018 WL 9650037
 (6th Cir. Sept. 14, 2018) ....................................................................................... 8

*Rainsy v. Facebook, Inc.*, 311 F. Supp. 3d 1101 (N.D. Cal. 2018) ........................ 12

*United States v. Devine*, 208 F.3d 215 (6th Cir. 2000) .......................................... 11

**Statutes**

28 U.S.C. § 1782 ............................................................................................ passim
28 U.S.C. § 1782(a) ....................................................................................... passim

**Rules**

Fed. R. Civ. P. 45 .................................................................................................. 9, 10
Fed. R. Civ. P. 45(a)(4) ............................................................................................. 9

**Regulations**

28 C.F.R. § 0.49 ........................................................................................................ 1

ii

## Introduction

This matter arises out of a request for international judicial assistance from an Egyptian family court. The Egyptian court is presiding over a dispute for spousal support between a professor at the University of Michigan, Mohamed Samy Mohamed Abouelenien, and his ex-wife, Hagar Abdo Hassan, who lives in Egypt. The Egyptian court seeks Abouelenien's salary information from the University of Michigan to adjudicate the issue of spousal support and submitted a request to the U.S. Department of State asking for international judicial assistance in obtaining that information.

After the Department of State processed the letters rogatory request and referred it to the Department of Justice for execution pursuant to 28 C.F.R. § 0.49, the Department of Justice petitioned this Court for authority to issue a subpoena for Abouelenien's salary information under 28 U.S.C. § 1782. (*In re Hassan*, 2:21-mc-51058, ECF No. 1). The Court granted the Section 1782 application and the Department of Justice issued a subpoena to the University of Michigan seeking evidence of Abouelenien's income on August 18, 2021.

Abouelenien moves to quash the Department of Justice's subpoena and argues that he did not receive notice of the subpoena as required by the Federal Rules of Civil Procedure and because his salary information is private. The Department of Justice respectfully requests that the Court deny Abouelenien's

1

motion to quash because the Department timely notified Abouelenien of the subpoena, his salary information is not private because he works at a public institution, and, even if it were private, § 1782 authorizes discovery of private information.

## Background

Mohamed Samy Mohamed Abouelenien is an Egyptian national currently working as an Assistant Professor of Engineering and Computer Science at the University of Michigan. (*In re Hassan*, 2:21-mc-51058, ECF No. 1-3, PageID.18, 21–22).[1] Abouelenien was married to Hagar Abdo Hassan, but they were divorced in a proceeding in Egypt in 2018. (Mot. to Quash, ECF No. 3, PageID.24).

Abouelenien's ex-wife is currently pursuing a suit for support against him in an Egyptian family court. (*In re Hassan*, ECF No. 1-3, PageID.18–19). At a hearing in January 2021, the Egyptian court granted Abouelenien's ex-wife's motion for information relating to Abouelenien's salary and other funding at the University of Michigan. (ECF No. 1-3, PageID.19). Abouelenien's salary and his research funding are available to the public because he is an employee of a public university. (*See* ECF No. 1-3, PageID.24–25). However, the publicly available form of this information is not admissible as evidence in Egyptian courts. (*See*

---

[1] The Department of Justice's petition under 28 U.S.C. § 1782 was assigned case number 2:21-mc-51058; however, for unknown reasons, Abouelenien's motion to quash was assigned a different case number: 2:21-mc-51059.

2

ECF No. 1).

Abouelenien's ex-wife currently has custody of their children in Egypt. (Mot., ECF No. 3, PageID.24). Abouelenien claims that his ex-wife is denying him access to their children, but Abouelenien is not currently disputing his ex-wife's custody of their children in any court in the United States or in Egypt. (Mot., ECF No. 3, PageID.24).

On April 9, 2021, the Embassy of the Arab Republic of Egypt, on behalf of the Egyptian family court, requested international judicial assistance from the United States through diplomatic channels.[2] (*In re Hassan*, ECF No. 1-3, PageID.18); (Exhibit 1 – Stanford Decl., ¶ 1). The request sought the government's assistance in obtaining documents demonstrating Abouelenien's salary at the University of Michigan. (*Id.* at PageID.18–19).

---

[2] Under § 1782, foreign governments, tribunals, or interested parties may submit requests for judicial assistance to the Department in two ways: (1) under the Hague Convention on Taking Evidence Abroad in Civil or Commercial Matters ("Hague Convention" or "Hague Evidence Convention"), if the requesting party is a signatory to the Convention, or (2) through traditional diplomatic channels. *See* U.S. DOJ, Assistance Available in the United States Pursuant to International Conventions on the Service of Documents and Collection of Evidence, https://www.justice.gov/civil/page/file/1036511/download) (last visited Sept. 9, 2021). The Egyptian court issued its request in this case through traditional diplomatic channels, rather than through the Hague Convention because Egypt is not a signatory to the Hague Convention on Taking Evidence Abroad in Civil or Commercial Matters. (*See* ECF No. 1-3, PageID.18–19). This distinction is relevant to how the Department processed Egypt's request, but it has no bearing on the enforceability of the subpoena issued under 28 U.S.C. § 1782.

3

Pursuant to that request, the U.S. Department of Justice requested documentation of Abouelenien's salary from the University of Michigan. (ECF No. 1-2, PageID.14, ¶ 4); (Exhibit 1 – Stanford Decl., ¶¶ 1–4). However, when the University notified Abouelenien of its intent to provide the Department of Justice with his salary information, Abouelenien objected, and, in turn, the University of Michigan notified the Department of Justice that it would not produce the documents unless the government served it with a subpoena. (ECF No. 1-2, PageID.14, ¶ 4, 26–33); (Exhibit 1 – Stanford Decl., ¶¶ 1–4).

On July 30, 2021, a trial attorney from the Department of Justice in Washington spoke with Abouelenien about this request and explained that it would seek a subpoena for his salary documents from the University of Michigan. (Exhibit 1 – Stanford Decl., ¶ 6).

On August 12, 2021, the U.S. Department of Justice filed an application to appoint an Assistant United States Attorney commissioner under 28 U.S.C. § 1782(a) and to allow that commissioner to issue a subpoena to the University of Michigan seeking the requested information. (*In re Hassan*, ECF No. 1, PageID.1–33).

On August 17, 2021, the Court granted the application and allowed the government to issue a subpoena seeking Abouelenien's salary information and ordered that the government provide the University of Michigan a copy of the

subpoena and its order. (*In Re: Request for Judicial Assistance*, 2:21-mc-51058 ECF No. 2). The same day, a trial attorney at the Department of Justice in Washington called Abouelenien and notified him that the government had issued a subpoena to the University of Michigan seeking his salary information. (Exhibit 1 – Stanford Decl., ¶ 8).

On August 18, 2021, the government served the University of Michigan with the subpoena and a copy of the Court's order. (Exhibit 2 – Subpoena Email). On August 19, 2021, Abouelenien contacted the U.S. Attorney's Office several times regarding its subpoena. (Exhibit 3 – Contact Email). During those contacts, Abouelenien indicated that he was represented by an attorney, but would not provide contact information for his attorney. (*Id.*). As a result, the government declined to speak with him directly at that time. (*Id.*).

Abouelenien's attorney contacted the Department of Justice on August 30, 2021, and requested that the government withdraw its subpoena. (Exhibit 4 – Hamood Email). The government declined and Abouelenien filed a motion to quash the following day. (Mot. to Quash, Case No. 2:21-mc-51059-SJM, ECF No. 3).

The University of Michigan does not object to producing the requested documents pursuant to the subpoena. (ECF No. 1-4, PageID.26; Exhibit 5 – UM Email). The government has agreed to extend the date for the University of

5

Michigan's response until this motion is resolved. (Exhibit 5 – UM Email).

## Standard of Review

A district court has discretion when ruling on a motion to quash a subpoena issued under 28 U.S.C. § 1782(a). *See In re Letter Rogatory from Just. Ct., Dist. of Montreal, Canada*, 523 F.2d 562, 566 (6th Cir. 1975).

## Argument

The government obtained approval to issue a subpoena in this case under 28 U.S.C. § 1782(a). (*See* Order, ECF No. 2, PageID.34). "Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247–49 (2004). Congress has steadily expanded the statute "to provide "(w)ide judicial assistance . . . on a wholly unilateral basis." *In re Letter Rogatory from Just. Ct., Dist. of Montreal, Canada*, 523 F.2d at 565. "The purpose behind the [statute] was to prod other nations into following the lead of the United States in expanding procedures for the assistance of foreign litigants." *Id.* The statute broadly permits the discovery of evidence in the United States for use "in any court in a foreign country with which the United States is at peace.'" *Intel Corp.*, 542 U.S. at 247–49.

Under § 1782, district courts may order a person within its jurisdiction to "produce a document or other thing for use in a proceeding in a foreign or

international tribunal" in response to a "letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person." 28 U.S.C. § 1782(a).

Here, there is no doubt that § 1782 empowers the Court to order the University of Michigan to produce the documents requested by the Egyptian family court. The University of Michigan is found in this judicial district, the documents will be used in a judicial proceeding in Egypt, and the Egyptian court initiated the request for judicial assistance to obtain evidence necessary to resolve litigation pending in its jurisdiction. These facts satisfy all of the statutory requirements of § 1782.

However, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp.*, 542 U.S. at 264. Instead, the district court must consider several discretionary factors before determining whether to grant discovery under the statute. *See id.*

The discretionary factors courts must consider under § 1782 are: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which event "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of ... the court or agency abroad

7

to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 264−65.

Courts should consider these factors in the context of § 1782's "twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Application of Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992); *see also JSC MCC EuroChem v. Chauhan*, No. 18-5890, 2018 WL 9650037, at *2 (6th Cir. Sept. 14, 2018) (stating that § 1782's "'twin aims' are 'providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.'") (quoting *Intel Corp.*); *In re: Application of Bracha Found.*, 663 F. App'x 755, 765 (11th Cir. 2016).

Here, all four of the discretionary factors described in *Intel Corp.* weigh in favor of enforcing the subpoena. First, the University of Michigan is beyond the Egyptian court's jurisdiction.[3] (*In re Hassan*, ECF No. 1-3, PageID.18–19); (*see* Mot., ECF No. 3, PageID.24). Second, the foreign tribunal is an Egyptian family

---

[3] In addition, Abouelenien has chosen not to participate in the case pending in the Egyptian court, although there is nothing preventing Abouelenien from doing so; therefore, he is also beyond the Egyptian court's jurisdiction.

8

court that has specifically requested Abouelenien's salary information; therefore, the Egyptian court would certainly be receptive to this Court's assistance in obtaining that information. (Exhibit 1 – Stanford Decl., ¶ 1); (*In re Hassan*, ECF No. 1-3, PageID.18–19). Third, Abouelenien has not identified any potential "circumvention of foreign proof-gathering restrictions" implicated by this request and the government is not aware of any. (*See* Mot., ECF No. 3). Fourth, the request is not unduly burdensome. The requested information is discrete, the University of Michigan does not object to producing the information, and it has already located and copied the requested information and is prepared to produce it as soon as this motion is resolved. (ECF No. 1-4, PageID.26; Exhibit 5 – UM Email). Accordingly, under the plain terms of the statute and the discretionary factors identified by the Supreme Court, the Court should deny Abouelenien's motion to quash and allow the University of Michigan to comply with the subpoena.

The Court should similarly reject Abouelenien's arguments for quashing the subpoena. First, Abouelenien argues that the Court should quash the subpoena because he did not receive the notice required by Rule 45. (Mot., ECF No. 3, PageID.25). Rule 45 requires that a party issuing a subpoena on a third party give notice to all parties in the case prior to issuing the subpoena. Fed. R. Civ. P. 45(a)(4). However, if the lack of notice is *de minimis* or does not result in any prejudice, "the Court may move beyond the Rule 45 violation and address the

9

merits of plaintiffs' motion." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 252 (S.D. Ohio 2011).

Here, however, Abouelenien is not a party to this case and the government gave Abouelenien notice of the subpoena. The government notified Abouelenien that it intended to issue a subpoena seeking his salary information weeks before the subpoena was issued and notified him again when it was issued. (Exhibit 1 – Stanford Decl., ¶¶ 6, 8). Abouelenien's timely awareness of the subpoena is also demonstrated by the fact that he called the U.S. Attorney's Office several times the day after the government issued the subpoena, (Exhibit 3 – Contact Email), and he timely filed the instant motion to quash. (*See* Mot., ECF No. 3). Accordingly, the Department did not violate Rule 45 when it issued the subpoena.

Second, Abouelenien argues that his salary information is "private information" and that he "has a valid interest in prohibiting the release [of] this information for public use." (Mot., ECF No. 3, PageID.25). However, his salary is publicly available because he is employed by a public university, (*see* ECF No. 1-3, PageID.24–25),[4] and the Egyptian court is not gathering this evidence for "public use," but instead wishes to use it to resolve a private support suit against Abouelenien. (*See* ECF No. 1-3, PageID.18–19). In any event, § 1782 allows

---

[4] Available at page 840 here: https://hr.umich.edu/sites/default/files/salary-disclosure-report-2020.pdf (last visited 9/14/2021).

10

parties to discover private information, so long as it is not privileged. *See* 28 U.S.C. § 1782(a). Abouelenien's salary information is not privileged, so his claim that the information is private is not a defense to production under § 1782. *See, e.g.*, *United States v. Devine*, 208 F.3d 215 (6th Cir. 2000) (affirming district court's order under § 1782 that resident submit to a blood test to determine paternity).

Third, Abouelenien implies that the subpoena in this case is improper because Egypt is not a signatory to one of the many Hague Conventions. Specifically, Abouelenien argues that Egypt is not a signatory to the Hague Convention on the Civil Aspect of Child Abduction; therefore, this Court should not cooperate with the Egyptian court's request for discovery. (Mot., ECF No. 3, PageID.24).

However, that convention is irrelevant to the subpoena in this case, which does not seek to determine custody of Abouelenien's children. The Egyptian family court is determining the amount of support Abouelenien owes his ex-wife and Abouelenien is not challenging his wife's custody of his children in that case or any other case. (*See* ECF No. 1-3, PageID.18–19).

Moreover, § 1782 is not limited to providing judicial assistance to Hague Evidence Convention signatories. For instance, while individuals cannot send a Hague Evidence Convention request to the U.S. Central Authority, the statute

11

allows individuals to seek international judicial assistance. *See* 28 U.S.C. § 1782(a) ("The order may be made . . . upon the application of any interested person . . ."). This is because Congress intended § 1782 to allow U.S. courts to provide judicial assistance in gathering evidence for use in foreign tribunals in order to promote international comity, regardless of whether the countries in which those tribunals are located are signatories to any particular Hague Convention. *See Intel Corp.*, 542 U.S. at 264−65; *In re Letter Rogatory*, 523 F.2d at 565; 28 U.S.C. § 1782(a); *see*, *e.g.*, *In re Application to Obtain Discovery for Use in Foreign Proc.*, 939 F.3d 710, 730–31 (6th Cir. 2019) (holding that private participant in commercial arbitration in Saudi Arabia could obtain documents in the United States under § 1782 even though Saudi Arabia is not a signatory to the Hague Evidence Convention); *see also Rainsy v. Facebook, Inc.*, 311 F. Supp. 3d 1101 (N.D. Cal. 2018) (ordering production under § 1782 for use in Cambodia, a country that is not a signatory to the Hague Evidence Convention); *In re Doosan Heavy Indus. & Constr. Co., Ltd.*, No. 19-MC-1638 (LDH), 2020 WL 1864903, at *2 (E.D.N.Y. Apr. 14, 2020) (ordering production under § 1782 for use in Egypt). Accordingly, Egypt's participation in any Hague Convention is factually and legally irrelevant to the matters under consideration on this motion.

## Conclusion

The government respectfully requests that the Court deny Abouelenien's motion to quash because the Court is authorized to enforce the subpoena under 28 U.S.C. § 1782 and all of the factors informing the Court's exercise of discretion weigh in favor of enforcing the subpoena.

Respectfully submitted,

**Saima S. Mohsin**
Acting United States Attorney

*/s/ Zak Toomey*
**Zak Toomey** (MO61618)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9617
zak.toomey@usdoj.gov

Dated: September 14, 2021

## Certificate of Service

I hereby certify that on September 14, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system. I further certify that I have e-mailed the document to the following:

Jinan M. Hamood
hamoodjm@gmail.com

*/s/ Zak Toomey*
**Zak Toomey** (MO61618)
Assistant United States Attorney